UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-61621-STRAUSS

**JOHN DOE,**

    Plaintiff,

v.

**MARCO RUBIO** et al.**,**

    Defendants.
_____/

# REPORT AND RECOMMENDATION[1]

**THIS MATTER** was assigned to the undersigned United States Magistrate Judge pursuant to Administrative Order 2025-11. However, because I find that dismissal of this case is warranted, and because I do not presently have authority to issue a dispositive order,[2] I am issuing a Report and Recommendation.[3] For the following reasons, I respectfully **RECOMMEND** that this action be **DISMISSED** without prejudice and that any pending motions be **DENIED** as moot.

# BACKGROUND

On August 11, 2025, Plaintiff filed his Complaint against multiple officials of the United States government. *See generally* [DE 1]. The original deadline to perfect service on Defendants was November 10, 2025. *See* [DE 8] at 1 (citing Fed. R. Civ. P. 4(m)). In a prior order, I warned

---

[1] This case was directly assigned to the undersigned United States Magistrate Judge pursuant to Administrative Order 2025-11.

[2] Neither Plaintiff nor Defendant has consented to magistrate judge jurisdiction, so I can only issue a report and recommendation rather than a dispositive order dismissal.

[3] I have separately entered an order directing the Clerk to randomly reassign this case to a District Judge of this Court.

Plaintiff that "[f]ailure to file proof of service . . . by November 10, 2025, may result in a dismissal without prejudice and without further notice." *Id.* Later, in a separate order, I detailed the steps that Plaintiff must take to perfect service on Defendants. *See* [DE 15] at 2-3. Upon Plaintiff's first motion for extension of time to perfect service, I extended the deadline for Plaintiff to perfect service to November 26, 2025. *See generally* [DE 18]. After that extended deadline lapsed, I entered an order requiring Plaintiff to "show cause as to why this case should not be dismissed for failure to perfect service of process." [DE 19] at 1. Plaintiff responded by filing another motion for extension of time to perfect service. [DE 20] at 1. Plaintiff asked for an extension of all deadlines by an additional sixty days, among other things. *Id.* I granted the motion in part, giving Plaintiff an additional two weeks—even though Plaintiff had effectively already received almost two weeks more than what his previous motion sought to complete service. [DE 22] at 6. I then warned Plaintiff that I would not grant another extension. *See id.* ("[T]he Court will extend the deadline *one last time*."). Now, even this deadline has lapsed, and Plaintiff has still not shown that he has perfected service on Defendants.

Plaintiff has failed to meet other deadlines as well. Most importantly, having denied Plaintiff's motion to proceed under pseudonyms without prejudice, and in response to Plaintiff's motion for leave to file an amended complaint, I ordered Plaintiff to file an amended complaint under his real name that corrected deficiencies with his proposed amended complaint[4] by January 12, 2026. [DE 22] at 9. Plaintiff has not filed an amended complaint nor sought an extension of time within which to do so. Further, I ordered Plaintiff to indicate whether he consented to

---

[4] As more fully discussed in my previous order, Plaintiff's proposed amended complaint amounted to a shotgun pleading. *See* [DE 22] at 7-9.

2

magistrate-judge jurisdiction by filing either a notice of consent or motion for case reassignment by January 5, 2026.  [DE 23] at 2.  Plaintiff filed neither.

## ANALYSIS

Where a party fails to prosecute their case, such as by missing numerous deadlines, as here, the Court has the power to dismiss an action without prejudice.  *See, e.g.*, *Taylor v. Exec. Dir. at Fla. Dep't of Highway Safety & Motor Vehicle*s, No. 22-10384, 2023 WL 5664169, at *2 (11th Cir. Sept. 1, 2023) ("The court's power to dismiss a cause is an inherent aspect of its authority to enforce its orders and insure prompt disposition of lawsuits. The district court has the authority to dismiss an action *sua sponte* for failure to obey a court order or for lack of prosecution. Generally speaking, a dismissal made without prejudice constitutes no abuse of discretion because the affected party may refile his civil action." (citation modified)).

Here, despite several warnings that a failure to perfect service of process could result in dismissal of his case, Plaintiff has failed to provide sufficient proof that service of process is complete.  This failure comes even though I previously explained the steps Plaintiff must take to perfect service and extended the deadline to perfect service twice.  Beyond the issues related to service of process, Plaintiff has failed to comply with other court orders.  Most importantly, Plaintiff has failed to file an amended complaint under his true name that corrects the deficiencies that rendered his previously proposed amended complaint a shotgun pleading.  *See* [DE 22] at 7-9.  In short, Plaintiff appears to have stopped prosecuting his case.  Therefore, the Court should dismiss the case for failure to prosecute and for failure to comply with orders of the Court.

## CONCLUSION

For the reasons discussed above, I respectfully **RECOMMEND** that this action be **DISMISSED** without prejudice and that any pending motions be **DENIED** as moot.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with this Court.[5] Failure to timely file objections shall bar the parties from a de novo determination by a District Judge of this Court of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 16th day of January 2026.

*Jared Strauss*
Jared M. Strauss
United States Magistrate Judge

---

[5] As set forth in Rule 4(b) of the of the Magistrate Judge Rules of this Court's Local Rules:

> Any party may object to a Magistrate Judge's proposed findings, recommendations or report under subsections 1(d), (e), and (f) of these rules, supra, within fourteen (14) days after being served with a copy thereof, or within such other time as may be allowed by the Magistrate Judge or District Judge. Such party shall file with the Clerk of the Court, and serve on all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made, the specific basis for such objections, and supporting legal authority. . . . A District Judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.